Lowry v. Cooper.

———

## LOWRY v. COOPER.

CONTRACT.—Where a contract is made for the delivery of a certain number of a particular lot of hogs, it can not be discharged by the delivery of the like number of any other hogs, although of equal quality and weight, unless performance, in this respect, is waived by the parties.

APPEAL from the *Montgomery* Common Pleas.

HANNA, J.—*Lowry* contracted as follows: "This agreement witnesseth, that *Oliver C. Cosby* and *Jasper Truett* have sold to *John Lowry* fifty head of fat hogs, to be weighed on *Jacob Shole's* scales, and to weigh 200 pounds and upwards each gross, and to be delivered to the said *Lowry*, at said scales, between the 25th of *November* and 25th of *December*, 1857, for which said *Lowry* agrees to pay, &c. *September* 9, 1857." Signed by the parties.

*Cooper* avers, that, before the 25th of *November*, he purchased the interest of said *Cosby* and *Truett* in said contract, with consent of *Lowry*, who agreed to said substitution, and that he would perform, &c. It is further averred that the plaintiff performed said contract, and said defendant failed, in this, that he failed and refused to receive and pay for said hogs, &c. Answer, denial and failure upon the part of said *Lowry*, &c. Trial, finding and judgment for the plaintiff.

Lowry *v.* Cooper.

But one point is made, and that is, that the finding and judgment are not sustained by the evidence, in this, that it is shown, that a part of the hogs weighed by *Cooper*, and held ready for delivery, were not obtained by him from *Cosby* and *Truett*, nor owned by them at the time said contract was entered into. *Alexander* v. *Dunn*, 5 Ind. 122. In other words, that the contract contemplated that *Cosby* and *Truett* then owned and possessed 50 hogs that were to be delivered in discharge of its terms. Such appears to be the purport of the case in 5 Ind., above cited. The writer of this opinion entertains serious doubts in regard to the correctness of the opinion pronounced in that case; but it is not necessary for the Court to review the question, there decided, in this case, because here, the evidence, we think, shows the construction which the parties themselves placed upon said writing. It is shown that the plaintiff went to the house of the defendant, and "asked him if he was willing that *Cosby* and *Truett* should assign their contract to him; defendant said he was perfectly willing to the transfer; that he did not care who filled the contract."

It further appears that the defendant was at the house of *Cooper*, and fixed the day—a week then hence—that the hogs were to be delivered, which was complied with by *Cooper*, as to time, number and weight. *Lowry* did not appear to receive them, nor did he offer objections in any form.

It appears to us, whatever legal construction might have been placed upon the language employed in the writing, aside from these surrounding circumstances, that, when viewed in the light of those circumstances, it is evident that it was not expected, by the parties to the transaction, that, by the terms thereof, only certain hogs were to be included therein.

The statement of *Lowry*, that he did not "care who filled the contract," is scarcely reconcilable with the position now assumed, that he had contracted for the hogs of *Cosby* and

*Truett.* If such was the contract, the delivery of the specific article only would have filled the contract, and could have been accomplished alone by *Cosby* and *Truett* themselves, or through another. The contract could not, therefore, have been by them "transferred," without also transferring the hogs. Evidently this was not in contemplation by the parties in their conversations.

*Per Curiam.*—The judgment is affirmed, with costs, and 5 per cent. damages.

*McDonald, Roache & Willson,* for the appellant.

*Lewis Wallace* and *M. D. White,* for the appellee.